## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## NORTHEASTERN DIVISION

| | |
|---|---|
| MELISSA ALMER,<br><br>       Plaintiff,<br><br><br><br><br>STANDARD INSURANCE<br>COMPANY,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)       **COMPLAINT**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff, Melissa Almer, for her claims against Defendant, Standard Insurance Company, dba The Standard, states and alleges as follows:

## PARTIES

1.      Plaintiff Melissa Almer ("Almer") is, and at all times relevant to the allegations contained herein has been, a resident of the city of East Grand Forks, Polk County, Minnesota.

2.      Defendant Standard Insurance Company, dba The Standard ("Standard") is, and at all relevant times was, a Oregon corporation, and authorized to do business in North Dakota.

## JURISDICTION AND VENUE

3.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et. seq., and principles of federal common law developed thereunder, and the Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1), ERISA § 502(e)(1).

4.     Venue is proper in this district under 29 U.S.C. § 1132(e)(2), ERISA § 502(e)(2), because the case involves an employee benefit plan administered in this district and the Defendant does business in this district.

**FACTUAL BACKGROUND**

5.     Plaintiff restates and realleges paragraphs 1 through 4.

6.     For her Complaint, Almer seeks reinstatement of long term disability ("LTD") benefits and her life insurance policy with waiver of premiums from Defendant, together with her attorney's fees, costs, and disbursements in this action, her claims being governed by ERISA, 29 U.S.C. § 1001, *et seq*.

7.     Almer was employed by Vaaler Insurance, Inc. and worked as an insurance sales agent.

8.     Through her employment with Vaaler Insurance, Inc., Almer was provided LTD coverage as part of a Group Policy administered by Defendant and was assigned policy number 637236. Almer also had a $100,000.00 basic term life insurance policy in addition to $50,000.00 in additional term life insurance.

9.     During Almer's employment with Vaaler Insurance, Inc. she underwent a C5-C6 discectomy on December 17, 2015. Since that time, Almer has continued to experience severe and chronic cervical and lumbar pain as well as other severe impairments preventing her from performing her duties as an insurance sales agent.

10.     On September 14, 2016, Standard informed Almer via letter that her LTD claim was approved, as she became disabled on December 18, 2015. Standard correctly determined Almer was unable to perform with reasonable continuity the Material Duties of her own occupation as an insurance sales agent. After a 180-day waiting period, Almer's benefits were payable as of June 14, 2016.

11.     On December 20, 2016, Standard informed Almer her Waiver of Premium for her Life Insurance policy was approved, because she was totally disabled under the policy.

12.     On April 27, 2017, Standard alleged via letter that Almer was no longer disabled because they alleged she could return to her position as an insurance sales agent. Standard also advised Almer her life insurance premiums would no longer be waived. Almer was given 180 days to appeal Standard's decision.

13.     Almer timely appealed the denials of both her LTD benefits and the waiver of premiums on May 11, 2017, and Standard admitted receipt of the same on May 17, 2017.

14.     Despite submitting medical and vocational evidence in support of her appeal demonstrating entitlement to ongoing LTD benefits under the Group Policy, Almer's administrative appeal was denied by Defendant on October 3, 2017 in a manner that was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Group Plan, and not based on substantial evidence as demonstrated by the following non-exhaustive examples:

    a.  Defendant relied on the opinions of medical professionals and other consultants who were financially biased by their relationship with Defendant and as such were unable to offer unbiased opinions;

    b.  Defendant relied on the opinions of medical professionals and other consultants which were not supported by substantial evidence in the claim file and were not consistent with the overall evidence in the record;

    c.  Defendant ignored compelling medical and vocational evidence and took selective evidence out of context as a means to deny Almer's claim for ongoing LTD benefits; and

    d.   Defendant ignored and / or misrepresented the opinions of Almer's treating physicians and independent vocational expert.

15.    Almer has therefore exhausted his administrative remedies.

16.    Almer is, and at all times since December 18, 2015 was and continues to be disabled as defined in the Group Policy, entitling him to ongoing LTD benefits and rendering Defendant's denial improper under ERISA.

## COUNT I

17.    Plaintiff restates and realleges paragraphs 1 through 16.

18.    Plaintiff is disabled under the terms of the Group Plan and is entitled to receive LTD benefits and a waiver of premiums for her life insurance policy.

19.    Defendant's termination of LTD benefits violated ERISA, 29 U.S.C. § 1001, *et seq.*

20.    By reason of the foregoing, Plaintiff is entitled to judgment against Defendant for reinstatement of LTD benefits, retroactive and ongoing LTD benefits, plus interest and reasonable attorneys' fees and costs, a declaration that Plaintiff is entitled to benefits under the Group Policy, and reinstatement of her life insurance policy with ongoing waiver of premiums.

## COUNT II

21.    Plaintiff restates and realleges paragraphs 1 through 20.

22.    Plaintiff has been forced to bring the instant action as a direct result of Defendant's violations.

23.    As a direct result of Defendant's acts and failures, Plaintiff has incurred attorneys' fees and costs. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), ERISA § 502(g).

## PRAYER FOR RELIEF

24.      WHEREFORE, Almer requests judgment in his favor and against Defendant as follows:

1. Adjudicate that Almer meets the definition of disability under the LTD plan;

2. Adjudicate that Defendant owes Almer retroactive monthly LTD benefits, plus interest;

3. Enjoin Defendant to pay LTD benefits under the Group Policy, plus accrued interest;

4. Reinstate Almer's life insurance policy and apply the waiver of premiums;

5. Award Almer the costs, disbursements and other expenses of this litigation, and

reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g), ERISA § 502(g); and

6. Award such additional and further relief as the Court may deem just and proper.

Respectfully submitted this 17th day of April, 2018

SCHNEIDER, SCHNEIDER & SCHNEIDER

/s/ Scott Haider_____
Scott Haider
ND ID# 07533
Mac Schneider
ND ID# 06476
815 Third Avenue South
Fargo, North Dakota 58201
(701) 235-4481
scott@schneiderlawfirm.com
mac@schneiderlawfirm.com

ATTORNEYS FOR PLAINTIFF